United States Courts
Southern District of Texas
FILED
February 20, 2026
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:24-CR-580-28 |
| § | |
| [28] KALLE ROBERT CORT, § | |
| § | |
| *Defendant.* § | |

## PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, and Stephanie Bauman and Sherin S. Daniel, Assistant United States Attorneys, and the defendant, Kalle Robert Cort ("Defendant"), and Defendant's counsel, Reagen E. Thomas and Billy Morian, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.  Defendant agrees to plead guilty to Count One of the Indictment. Count One charges Defendant with Conspiracy to Launder Monetary Instruments, in violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(B)(i) Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2.  The **statutory** maximum penalty for each violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(B)(i), is imprisonment of not more than 20 years and a fine of not more than $500,000 fine or twice the value of the property involved in the money laundering transaction. Additionally, Defendant may receive a term of supervised release after imprisonment

of up to three years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3.　　Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Immigration Consequences**

4.　　Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

### Waiver of Appeal, Collateral Review, and Statute of Limitations

5. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United

States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.  Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

9.  The United States agrees to each of the following:

    a.  If Defendant pleads guilty to Count One of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States agrees not to argue at sentencing that Defendant's relevant conduct for purposes of U.S.S.G. § 2S1.1(a)(2) exceeds $101,000 or that Defendant knew or believed that the laundered funds were proceeds of a drug trafficking offense for purposes of U.S.S.G. § 2S1.1(b)(1).

    b.  The United States will not oppose a 2-level reduction in Defendant's calculated offense level pursuant to U.S.S.G. § 3B1.2(b).

    c.  If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

**Agreement Binding - Southern District of Texas and Eastern District of Texas Only**

10. The United States Attorney's Office for the Southern District of Texas and the United States Attorney's Office for the Eastern District of Texas agree that they will not further criminally prosecute Defendant in their respective districts for the specific conduct described in the Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas, the United States Attorney's Office for the Eastern District of Texas, and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   a. to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   b. to set forth or dispute sentencing factors or facts material to sentencing;

   c. to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

   d. to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

   e. to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

12. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as

the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

13. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

    a. If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

    b. At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses, and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

    c. At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

6

## Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

    a. On April 8, 2024, Defendant Kalle Robert CORT delivered $101,000 bulk cash to a DEA Undercover Officer ("UCO-1") at a location within the Southern District of Texas. Law enforcement was aware that the bulk cash was proceeds of a specified unlawful activity, specifically the sale and distribution of narcotics in violation of Title 21, United States Code, Sections 846 and 841(a)(1). Defendant stipulates that he knew the $101,000 he delivered was proceeds of some form of unlawful activity and that he knew the transaction was designed to conceal the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

    b. During the transaction, UCO-1 was posing as the employee of a Confidential Source ("CS-1"). CS-1 was in the business of selling wholesale quantities of used cell phones. CS-1 had allowed law enforcement to install covert video- and audio-recording devices at two business locations. The cash delivery by Defendant was recorded.

    c. Defendant carried the bulk cash into the storefront in a blue duffel bag. The bulk cash was tightly wrapped in packaging that was difficult to undo. When UCO-1 commented on how difficult it was to unwrap the cash in order to count it, Defendant responded that it was "sometimes" how he got it.

    d. Once the bulk cash had been unwrapped, UCO-1 counted the cash using a money counter and gave Defendant a handwritten sticky note documenting the date, the amount

7

of cash delivered, and UCO-1's moniker. At no time before, during, or after the cash delivery did Defendant give his name to UCO-1 or CS-1.

      e.     Defendant's cash delivery to UCO-1 was made on behalf of FNU LNU a/k/a "Horacio," a Mexico-based cell phone vendor who regularly purchased cell phones from CS-1. CS-1 accepted the cash delivered by Defendant as payment for an order of cell phones placed by "Horacio."

      f.     At the time of the cash delivery by Defendant, investigators with DEA and IRS-Criminal Investigations (CI) were conducting a financial undercover operation using CS-1's existing cell phone business. The financial undercover operation lasted approximately nine months, during which approximately $6.3 million in U.S. currency was delivered by approximately 40 different money couriers in approximately 70 separate transactions.

      g.     Through the financial undercover operation and other investigative techniques, investigators learned that certain Houston-area cell phone vendors which included CS-1; certain Mexico-based cell phone vendors which included "Horacio;" certain money couriers which included Defendant on this one cash delivery; and known and unknown drug traffickers were engaged in a trade-based money laundering scheme commonly known as a "Black Market Peso Exchange." The conspiracy involved incorporating cash drug proceeds in international business and trade deals in order to make the proceeds appear legitimate Each delivery of cash drug proceeds as payment for cell phones during the financial undercover operation, including Defendant's delivery, was a knowingly conducted financial transaction involving monetary instruments that affected interstate and foreign commerce. Defendant's transaction involved the proceeds of specified unlawful activity, that is, violations of Title 21, United States Code, Sections 841 and 846, and was designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity and while aiding, abetting others to

conduct the transactions, Defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Title 18, United States Code, Section 2.

## Breach of Plea Agreement

15. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement or if Defendant knowingly withholds evidence, including required financial information, or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Monetary Penalties, Assets and Financial Disclosures

16. Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

17. Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines

### Forfeiture

18. As part of this plea agreement, Defendant agrees to the following:

    a. to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation; and

    b. to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property).

### Financial Statement

19. Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

20. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

### Complete Agreement

21. This written plea agreement, consisting of 12 pages, including the attached addendum of Defendant and his attorneys, constitutes the complete plea agreement between the

United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant  No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

22. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on February 20, 2026.

_____
Kalle Robert Cort, Defendant

Subscribed and sworn to before me on February 20, 2026.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas.

By: _____
Stephanie Bauman
Sherin S. Daniel
Assistant United States Attorneys

_____
Reagen E. Thomas
Billy Morian
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § |
| v. | §  CRIMINAL NO. 4:24-CR-580-28 § |
| [28] KALLE ROBERT CORT, | § § |
| *Defendant.* | § § |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____   2/20/26
Reagen E. Thomas and Billy Morian, Attorneys for Defendant   Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____   2/20/26
Kalle Robert Cort, Defendant   Date